UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| BURT ZWEIGENHAFT,<br><br>Plaintiff,<br><br>v.<br><br>PHARMERICA CORPORATION and PHARMACY CORPORATION OF AMERICA,<br><br>Defendants. | Civil Action No.: 19-2201-RGA |

# BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Dated: January 21, 2020

Of Counsel:

HOLLAND & KNIGHT LLP
Christopher G. Kelly
Stosh Silivos
31 West 52nd Street
New York, New York 11101
Telephone: (212) 513-3533

HOLLAND & KNIGHT LLP
Jeremy M. Sternberg
10 St. James Avenue, 11th Floor
Boston Massachusetts 02116
Telephone: (617) 523-2700

MORRIS JAMES LLP
Brett D. Fallon (DE Bar No. 2480)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899
Telephone: (302) 888-6800

*Attorneys for Defendants PharMerica Corporation and Pharmacy Corporation of America*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii
STATEMENT OF NATURE AND STAGE OF THE PROCEEDINGS ......................................1
SUMMARY OF ARGUMENT .......................................................................................................1
STATEMENT OF FACTS ..............................................................................................................2
ARGUMENT....................................................................................................................................3
   I.    THE COMPLAINT FAILS TO STATE A FRAUD CLAIM. ..........................................5
   II.   THE COMPLAINT FAILS TO STATE A BREACH OF CONTRACT CLAIM....................................................................................................................................6
   III.  ALL POTENTIAL CLAIMS BY ZWEIGENHAFT ARE DERIVATIVE AND DUPLICATIVE. ...........................................................................................................8
CONCLUSION..................................................................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Cruise Lines, Inc. v. HMS Am. Queen Steamboat Co. LLC*,
    223 F. Supp. 3d 207 (D. Del. 2016) ................................................................................4

*Anderson v. Wachovia Mortg. Corp.*,
    497 F. Supp. 2d 572 (D. Del. 2007) ................................................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 678 (2009) ...........................................................................................3, 4, 5

*In re Burlington Coat Factory Secs. Litig.*,
    114 F.3d 1410 (3d Cir. 1997) ..........................................................................................3

*City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp*,
    908 F.3d 872 (3d Cir. 2018) ............................................................................................8

*Coca-Cola FL. Holdings, LLC v. Goins*,
    No. 2018-0243, 2019 WL 2366340 (Del. Ch. June 4, 2019) ..........................................6

*Cunningham v. JP Morgan Chase Bank*,
    No. 13-756-SLR, 2013 WL 3353881 ((D. Del. Jul. 1, 2013) .....................................4, 5

*Gresham v. Ocwen Loan Servicing, LLC*,
    No. 17-203-GMS, 2018 WL 716987 (D. Del. Feb. 5, 2018) ..........................................5

*Hassen v. Gov't of Virgin Islands*,
    861 F.3d 108 (3d Cir. 2017) .......................................................................................3, 4

*Kaul v. Christie*,
    372 F. Supp. 3d 206 (D.N.J. 2019) .................................................................................4

*Lamar v. Bank of Amer.*,
    No. 12-400-RGA, 2012 WL 1641016 (D. Del. May 3, 2012) ........................................5

*Pegasystems, Inc. v. Careker Corp.*,
    No. 19043, 2001 WL 1192208 (Del. Ch. Oct. 1, 2001) ..................................................6

*Pension Benefit Guar. Corp. v. White Consol. Indus, Inc.*,
    998 F.2d 1192 (3d Cir. 1993) ..........................................................................................3

*Phunware, Inc. v. Excelmind Grp. Ltd.*,
    117 F. Supp. 3d 613 (D. Del. 2015) ................................................................................6

*Silverstein v. Percudani*,
　207 Fed. Appx. 238 (3d Cir. 2006) ........................................................................................ 4, 5

*Stephenson v. Capano Dev., Inc.*,
　462 A.2d 1069 (Del. 1983) ........................................................................................................ 5

*Talley v. Christiana Care Health Sys.*,
　No. 17-926-CJB, 2018 WL 4938566 (D. Del. Oct. 11, 2018) ............................................... 3, 7

*Thaker v. Tan*,
　372 Fed. Appx. 325 (3d Cir. 2010) ........................................................................................ 3, 4

*The Ark Group, Inc. v. Shield Restraint Sys., Inc.*,
　No. 1:18-cv-00755-RGA, 2018 WL 4926449 (D. Del. Oct. 10, 2018) ..................................... 7

*Tooley v. Donaldson, Lufkin & Jenrette, Inc.*,
　845 A.2d 1031 (Del. 2004) ........................................................................................................ 8

*U.S. Ecology, Inc. v. Allstate Power Vac., Inc.*,
　No. 2017-0437, 2018 WL 3025418. (Del. Ch. June 18, 2018) .................................................. 6

*United States v. Simparel, Inc.*,
　857 F.3d 497 (3d Cir. 2017) ...................................................................................................... 5

*Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*,
　901 A.2d 106 (Del. 2006) .......................................................................................................... 6

*Yudell v. Gilbert*,
　99 A.D.3d 108 (N.Y. App. Div. 2012) ...................................................................................... 8

**Statutes and Court Rules**

Fed. R. Civ. P. 9(b) ........................................................................................................... 1, 4, 5

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 1, 8

## STATEMENT OF NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Burt Zweigenhaft ("**Zweigenhaft**") commenced this action against PharMerica Corporation ("**PharMerica**") and Pharmacy Corporation of America ("**PCA**") through a *pro se* complaint, dated November 26, 2019 (the "**Complaint**"). *See* Declaration of Jeremy M. Sternberg, dated January 21, 2020 ("**Sternberg Dec**."), Ex. 1 (Complaint). The Complaint is deficient but its sparse factual allegations appear to attempt to assert both a fraud claim and a breach of contract claim. *Id.* at p. 6. PCA was served with process on December 30, 2019, and Defendants now move to dismiss the Complaint, in its entirety, pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## SUMMARY OF ARGUMENT

Even when read in light of Plaintiff's *pro se* status, the Complaint is strikingly defective and fails to state a claim on which relief can be granted.

First, far from pleading with particularity the circumstances of the alleged fraud as required by Rule 9(b), the Complaint merely states that "Defendant[s] 'cooked the books' and committed fraud." This conclusory assertion fails to provide Defendants notice of the precise misconduct with which they are charged and is insufficient to withstand a motion to dismiss.

Second, the Complaint alleges in conclusory fashion that "PharMerica breached [a purchase] agreement, thereby injuring Plaintiff monetarily," but nowhere does it identify a specific provision of the agreement that PharMerica breached, let alone, explain *how* PharMerica breached the provision. The most detail the Complaint provides is that "PharMerica breached the [agreement] by failing to properly purchase [Zweigenhaft's] ownership interest in . . . three

---

[1] PharMerica has not been served. However, in order to simplify and expedite matters, upon service and filing of this motion and brief, PharMerica hereby waives formal service of process and joins this motion.

1

companies." Whatever that meager allegation would otherwise be worth, its implication (i.e., that PharMerica had some duty to purchase Zweigenhaft's ownership interests in the three companies) is flatly contradicted by the agreements on which Zweigenhaft bases his claim. The Complaint's breach of contract claim therefore fails as well, and the Complaint should be dismissed in its entirety.

Finally, because any claim that Zweigenhaft could conceivably assert against the Defendants would be both derivative and duplicative of claims already brought by companies he partially owns, any request for leave to amend should be denied.

## STATEMENT OF FACTS

According to the Complaint, in December 2013, PharMerica purchased "Onco 1," Onco 2," and "Onco 3"—three companies in which Zweigenhaft owned a 21.6% stake—pursuant to a written purchase agreement (the "**Purchase Agreement**"). *See* Sternberg Dec., Ex. 1 at pp. 4, 6. "The [Purchase Agreement] called for a 'second buyout' to be held on December 6, 2016" with "the 'closing price' [to] be determined by a specific formula." *Id.* at p. 6. The Complaint states that PharMerica "purchased [the] three companies" on that date (*see id.* at p. 4) but also alleges that "PharMerica breached the purchase agreement by failing to properly purchase [Zweigenhaft's] ownership interest in these three companies." *Id.* at pp. 5-6. Additionally, the Complaint alleges that PharMerica "'cooked the books' and committed fraud." *Id.* at p. 6. Finally, the Complaint alleges that the other defendant, PCA, "purchased PharMerica in 2017." *Id.* at p. 4.

The Purchase Agreement on which Zweigenhaft relies (and on which his claim is purportedly based) provides some clarification. *See* Sternberg Dec., Ex. 2 (Purchase Agreement); *see also In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (Alito, J.)

(explaining that a court may rely on an extrinsic document at the motion to dismiss stage if the claims in the complaint are "based" on it); *Pension Benefit Guar. Corp. v. White Consol. Indus, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."); Pursuant to the Purchase Agreement:

- PCA (not PCA's long-time parent corporation, PharMerica, which was not a party to the agreement) purchased 37.5% of OncoMed Specialty LLC ("**Specialty**") from Onco360 Holdings 1, Inc., Onco360 Holdings 2, Inc., and Onco360 Holdings 3, Inc. (collectively, the "**Onco360 Entities**"), companies owned by Zweigenhaft and Kaveh Askari (*see* Sternberg Dec., Ex. 2 (Purchase Agreement) at p. 1); and

- Specialty, PCA, and the Onco360 Entities entered into an Amended and Restated Operating Agreement (the "**Operating Agreement**") (*see* Sternberg Dec., Ex. 2 (Purchase Agreement) at pp. 41-42, Sternberg Dec. Ex. 3 (Operating Agreement)) under which PCA had the option to purchase an additional 44% of the membership interests in Specialty from the Onco360 Entities after three years and an obligation to purchase all remaining membership interests in Specialty from the Onco360 Entities after five years (*see* Sternberg Dec., Ex. 3 at Art. IX).

## **ARGUMENT**

"To survive a motion to dismiss, a complaint—even a pro se complaint—'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Thaker v. Tan*, 372 Fed. Appx. 325, 328 (3d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 678 (2009)). In evaluating plausibility, courts accept well-pleaded allegations as true, but "disregard rote recitals of elements of a cause of action, legal conclusions, and conclusory statements." *Hassen v. Gov't of Virgin Islands*, 861 F.3d 108, 115 (3d Cir. 2017) (citation omitted). Courts may also disregard allegations in the complaint that are contradicted by other allegations in the complaint or by documents on which the complaint relies. *See Talley v. Christiana Care Health Sys.*, No. 17-926-CJB, 2018 WL 4938566, at *5 n.4 (D. Del. Oct. 11, 2018).

"A claim 'has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hassen*, 861 F.3d at 115.  "In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must 'show' such an entitlement with its facts."  *Cunningham v. JP Morgan Chase Bank*, No. 13-756-SLR, 2013 WL 3353881, at *2 ((D. Del. Jul. 1, 2013) (citation omitted).  "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." *Id.* (citing *Iqbal*, 556 U.S. at 678)).

To the extent a claim sounds in fraud, it is subject to the heightened pleading requirements of Rule 9(b), which requires a plaintiff to "state with particularity the circumstances constituting the fraud."  Fed. R. Civ. P. 9(b).  "Rule 9(b) requires a complainant to plead 'all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, when where and how of the events at issue.'" *Am. Cruise Lines, Inc. v. HMS Am. Queen Steamboat Co. LLC*, 223 F. Supp. 3d 207, 212 (D. Del. 2016) (citation omitted); *see also Silverstein v. Percudani*, 207 Fed. Appx. 238, 240 (3d Cir. 2006) ("To satisfy the requirements of Rule 9(b), the plaintiff should plead the date, place or time of the fraud, and allege with specificity who made the relevant representations.").

"While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se."  *Thaker*, 372 Fed. Appx. at 329 (emphasis added); *see also Kaul v. Christie*, 372 F. Supp. 3d 206, 229 (D.N.J.) ("*Pro se* plaintiffs are . . . not exempt from meeting the heightened pleading requirements of Rule 9(b) when alleging claims of fraud.") (citation omitted).

4

**I.      The Complaint Fails to State a Fraud Claim.**

Under Delaware common law, fraud consists of: (1) a false representation, usually one of fact, made by the defendant; (2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; (3) an intent to induce the plaintiff to act or refrain from acting; (4) the plaintiffs action or inaction taken in justifiable reliance upon the representation; and (5) damage to the plaintiff as a result of such reliance." *Cunningham*, 2013 WL 3353881, at *2 (citing *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983)).

Here, the Complaint alleges fraud in an entirely conclusory manner and fails to meet the pleading requirements of *Twombly/Iqbal*, let alone the heightened pleading requirements of Rule 9(b).  The Complaint does not identify a misrepresentation, plead scienter, explain what action or inaction Zweigenhaft took in justifiable reliance upon a misrepresentation, or provide details as to the harm Zweigenhaft purportedly suffered.  Instead of providing the who, what, when, where, and how of the misconduct charged, the Complaint merely states that "Defendant 'cooked the books' and committed fraud."  Sternberg Dec., Ex. 1 at p. 6.  Such a threadbare assertion is insufficient to place PharMerica and PCA on notice of the "precise misconduct with which they are charged." *United States v. Simparel, Inc.*, 857 F.3d 497, 502 (3d Cir. 2017).

Zweigenhaft's fraud claim should therefore be dismissed.  *See, e.g., Silverstein*, 207 Fed. Appx. at 240 (affirming dismissal of *pro se* litigant's fraud claim for lack of particularity); *Gresham v. Ocwen Loan Servicing, LLC*, No. 17-203-GMS, 2018 WL 716987, at *3 (D. Del. Feb. 5, 2018) (dismissing *pro se* litigant's fraud claim for lack of particularity); *Cunningham*, 2013 WL 3353881, at *2 (same); *Lamar v. Bank of Amer.*, No. 12-400-RGA, 2012 WL 1641016, at *2 (D. Del. May 3, 2012) (same).

**II.     The Complaint Fails to State a Breach of Contract Claim.**

Zweigenhaft's breach of contract claim fares no better than his fraud claim. "Under Delaware law, the elements of a breach of contract claim are (1) a contractual obligation; (2) a breach of that obligation by the defendant; and (3) a resulting damage to the plaintiffs." *Phunware, Inc. v. Excelmind Grp. Ltd.*, 117 F. Supp. 3d 613, 625 (D. Del. 2015). While the Complaint alleges several times that PharMerica breached the Purchase Agreement, nowhere does it contain factual allegations to support those conclusory assertions. *See* Sternberg Ex. 1 at p. 4 ("PharMerica breached said agreement, thereby injuring plaintiff monetarily"), p. 5 ("PharMerica allegedly breached the Purchase Agreement."), p. 6 ("PharMerica failed to honor the terms of the contract and breached it.").[2] Zweigenhaft fails to identify any provision of the Purchase Agreement that PharMerica breached, let alone explain *how* PharMerica breached the provision. *See, e.g. Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 901 A.2d 106, 116 (Del. 2006) (holding that plaintiff failed to state a breach of contract claim because it had "not identified any express contract provision that was breached"); *Anderson v. Wachovia Mortg. Corp.*, 497 F. Supp. 2d 572 (D. Del. 2007) ("Plaintiffs allege defendants' conduct breached these contracts; however, plaintiffs 'have not identified any express contract provisions that was breached.'") (citation omitted).[3] Nor could he because PharMerica is not a party to the Purchase Agreement.

---

[2] The Complaint does not allege that PCA breached the Purchase Agreement, or even, that PCA was party to the Purchase Agreement. *See* Sternberg Dec., Ex. 1 at p. 4 (alleging merely [and erroneously] that PCA "purchased PharMerica in 2017"). *But see* Sternberg, Ex. 2 (Purchase Agreement) (demonstrating that PCA, not PharMerica, was party to the Purchase Agreement).

[3] *See also U.S. Ecology, Inc. v. Allstate Power Vac., Inc.*, No. 2017-0437, 2018 WL 3025418. At *5-*7 (Del. Ch. June 18, 2018) (dismissing breach of contract claim because "[s]omewhat astonishingly, plaintiffs did not identify in their Complaint a specific provision in the Purchase Agreement that [defendant] allegedly breached"), *aff'd* 202 A.3d 510 (2019); *Coca-Cola FL. Holdings, LLC v. Goins*, No. 2018-0243, 2019 WL 2366340 (Del. Ch. June 4, 2019) ("Count I fails to state a claim for relief under the LLC Agreement because the Amended Counterclaims do not identify any provision of that contract that allegedly was breached."); *Pegasystems, Inc. v. Careker Corp.*, No. 19043, 2001 WL 1192208, at *10 (Del. Ch. Oct. 1, 2001) ("Carreker cites no

The closest the Complaint comes is by stating that "PharMerica breached the Purchase Agreement by failing to properly purchase [Zweigenhaft's] ownership interest in [the] three companies." Sternberg Dec. Ex. 1, at pp. 4-5.  This allegation is insufficient for the same reasons cited above (i.e., it does not identify a specific contract provision that was breached and does very little to explain the conduct that purportedly constituted the breach (e.g., Did PharMerica not purchase the interests at all, or did it somehow do so incorrectly?  If the latter, how?)).  More importantly though, the agreements on which Zweigenhaft's claims are based demonstrate that PharMerica did not have any obligation to purchase Zweigenhaft's ownership interests in the three Onco360 Entities.  *See The Ark Group, Inc. v. Shield Restraint Sys., Inc.*, No. 1:18-cv-00755-RGA, 2018 WL 4926449, at *2 (D. Del. Oct. 10, 2018) ("The court may grant a motion to dismiss when unambiguous language of a contract contradicts plaintiffs' allegations in a complaint.") (citation omitted); *see also Talley*, 2018 WL 4938566, at *5 n.4.  Rather, under the Purchase Agreement, PCA purchased interests in Specialty from the Onco360 Entities and then was granted the right/obligation to purchase additional interests in Specialty from the Onco360 Entities after three and five years.  *See* Sternberg Dec., Ex. 2 at pp. 1, 41-42; Sternberg Dec., Ex. 3 at Art. IX.  Because there was no contractual obligation for PCA (or for non-party to the contract, PharMerica) to purchase Zweigenhaft's ownership interests in the Onco360 Entities, there can be no breach of contract claim for the Defendants' alleged "fail[ure] to properly purchase [those ownership interests]."

Zweigenhaft's breach of contract claim should therefore be dismissed.

---

provision of the Agreement that Pega breached by allegedly failing 'to deliver the functionality it represented it would.'  By itself, that omission is sufficient to defeat the claim of breach.").

**III.     All Potential Claims By Zweigenhaft Are Derivative and Duplicative.**

As noted, the agreements on which Zweigenhaft relies demonstrate that PCA purchased certain interests in Specialty <u>from</u> the Onco360 Entities. Thus, to the extent Zweigenhaft has an interest in that transaction, his interest flows through the Onco360 Entities, which already have raised claims against PCA in an action set to go to trial in April (*see* C.A. No. 16-1123 RGA).[4] That means that any potential claim by Zweigenhaft in relation to the transaction is both derivative (*see generally Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1039 (Del. 2004); *Yudell v. Gilbert*, 99 A.D.3d 108, 113 (N.Y. App. Div. 2012)) and duplicative. Leave to amend, therefore, should be denied. *See City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp*, 908 F.3d 872, 878 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile.").

## CONCLUSION

For the foregoing reasons, defendants PharMerica Corporation and Pharmacy Corporation of America respectfully request the Court enter an order pursuant to Federal Rule of Civil Procedure 12(b)(6) granting their motion, dismissing the Complaint, and awarding such other relief the Court deems just and proper.

---

[4] Zweigenhaft has known about that action since its inception over three and a half years ago.

Dated: Wilmington, Delaware
January 21, 2020

Respectfully submitted,

/s/ Brett D. Fallon
Brett D. Fallon (DE Bar No. 2480)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
(302) 888-6800

Of Counsel:

Christopher G. Kelly
Stosh M. Silivos
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
(212) 513-3533

Jeremy M. Sternberg
HOLLAND & KNIGHT LLP
10 St. James Avenue, 11th Floor
Boston Massachusetts 02116
(617) 523-2700

*Attorneys for Defendants
PharMerica Corporation and
Pharmacy Corporation of America*