IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| BURT ZWEIGENHAFT,<br><br>Plaintiff;<br><br>v.<br><br>PHARMERICA CORPORATION and PHARMACY CORPORATION OF AMERICA,<br><br>Defendants. | Civil Action No. 19-2201-RGA |

MEMORANDUM OPINION

David M. Klauder, Ryan M. Ernst, BIELLI & KLAUDER, LLC, Wilmington, DE; Thomas D. Bielli, Philadelphia, PA;

    Attorneys for Plaintiff.


Brett D. Fallon, FAEGRE DRINKER BIDDLE & REATH LLP, Wilmington, DE; Jeremy M. Sternberg, HOLLAND & KNIGHT LLP, Boston, MA; Stosh Silivos, HOLLAND & KNIGHT LLP, New York, NY;

    Attorneys for Defendant Pharmacy Corporation of America.


December 10, 2021

/s/ Richard G. Andrews
**ANDREWS, U.S. DISTRICT JUDGE:**

Before me is Defendant Pharmacy Corporation of America's motion for summary

judgment on the basis that this action is barred by res judicata.  (D.I. 51).  I have considered the

parties' briefing.  (D.I. 52, 54, 56).  For the following reasons, I will GRANT Defendant's

motion.

## I.    BACKGROUND

Plaintiff Burt Zweigenhaft sued Defendants PharMerica Corporation[1] and Pharmacy

Corporation of America ("PCA") for breach of contract and the covenant of good faith and fair

dealing related to PCA's purchase of the company OncoMed.  (D.I. 11 at ¶¶ 110-155).

Zweigenhaft's claims arise from two contracts related to this purchase—an Operating Agreement

and a Membership Interest Purchase Agreement ("MIPA").  (D.I. 54 at 1-2).

Zweigenhaft's claims in this case are "nearly identical" to those in a prior action

involving PCA.  (D.I. 54 at 13 (citing *Pharmacy Corporation of America, et al. v. Askari et al.*

[hereinafter "the Askari Action"], No. 16-1123 (D.Del.)).[2]  I conducted a bench trial in the

Askari Action on July 6-8, 2020 and ruled in favor of PCA on the relevant counts.  (Askari

Action, D.I. 229).

Zweigenhaft was not a party to the Askari Action, though he tried to join it.  (Askari

Action, D.I. 177).  The Askari Action was litigated by Kaveh Askari, the majority shareholder in

the three holding companies (the "Onco360 Members") that owned OncoMed.  (*See* Askari

Action, D.I. 224 at 1-2; D.I. 184, ¶ 1).  Zweigenhaft was the CEO, Secretary, and a Director of

the Onco360 Members.  (D.I. 53-1, Ex. 4 at No. 6).  Askari and Zweigenhaft were the sole

---

[1] PharMerica Corporation was dismissed as a defendant on September 3, 2020.  (D.I. 29).
[2] An appeal in the Askari action is pending in the Court of Appeals.  No. 21-2800 (3d Cir.).

shareholders of the Onco360 Members at the time of the purchase, with Zweigenhaft having a minority share.  (Askari Action, D.I. 224 at 1).

II.     **LEGAL STANDARD**

A.  **Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the claims in question.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party."  *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The burden on the moving party may be discharged by showing an absence of evidence supporting the non-moving party's case.  *Celotex*, 477 U.S. at 323.  The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson*, 477 U.S. at 247-49.

### B.  Res Judicata

Res judicata is a doctrine that "exists to provide a definite end to litigation, prevent

vexatious litigation, and promote judicial economy." *LaPoint v. AmerisourceBergen Corp.*, 970

A.2d 185, 192 (Del. 2009).  The parties agree that Delaware preclusion law applies.   (D.I. 52 at

11-12; D.I. 54 at 9).   Under Delaware law, res judicata bars subsequent actions where:

> (1) the original court had jurisdiction over the subject matter and the parties; (2) the
> parties to the original action were the same as those parties, or in privity, in the case at
> bar; (3) the original cause of action or the issues decided was the same as the case at bar;
> (4) the issues in the prior action must have been decided adversely to the appellants in the
> case at bar; and (5) the decree in the prior action was a final decree.

*LaPoint*, 970 A.2d at 192 (citation omitted).  Parties are in privity where "the relationship

between two or more persons is such that a judgment involving one of them may justly be

conclusive on the others[.]" *Levinhar v. MDG Med., Inc.*, 2009 WL 4263211, at *8 (Del. Ch.

Nov. 24, 2009) (citations omitted).  Delaware courts consider "whether the interests of a party to

the first suit and the party in question in the second suit are aligned" and whether there is a

"close or significant relationship" between the parties.  *Id.*

"Res judicata is an issue of law, and if the doctrine applies, there is no genuine issue of

material fact and summary judgment is appropriate." *Mohammed v. May Dep't Stores, Co.*, 273

F. Supp. 2d 531, 534 (D. Del. 2003).

### III.    DISCUSSION

Zweigenhaft contests only the second element of res judicata.  (*See* D.I. 54 at 13-14).

The issue is whether Zweigenhaft is in privity with the Askari litigants.

PCA argues that Zweigenhaft is in privity with Askari and the Onco360 Members

because (1) Zweigenhaft and Askari are the sole shareholders in the Onco360 Members; (2)

Zweigenhaft would have been entitled to a portion of the recovery in the Askari Action; (3)

Zweigenhaft signed the contracts at issue in his role as an Onco360 director; (4) Zweigenhaft

knew about the Askari Action and actively engaged with it; and (5) Zweigenhaft appointed

Askari as his "agent and attorney-in-fact" in the MIPA.  (D.I. 52).

       I agree with PCA that Zweigenhaft is in privity with the Askari litigants.  At the very

least, Zweigenhaft and the Onco360 Members have a sufficiently close relationship, and their

interests are substantially aligned.  As Zweigenhaft admitted, the present cause of action is

"virtually identical" to the Askari action.  (Askari Action, D.I. 177 at 2).  In his motion to

consolidate, Zweigenhaft noted, "If the Askari and Zweigenhaft Cases are not consolidated, the

Plaintiff will be prejudiced with the potential application of collateral estoppel, res judicata and

inconsistent verdicts[.]"  *Id.*  Zweigenhaft, as co-owner of the Onco360 Members, expected a

recovery from the Askari Action had the Askari litigants prevailed.  (D.I. 53-1, Ex. 2 at 54:24-

55:10).  With regard to the contracts at issue, Zweigenhaft's interests are aligned with the

Onco360 Members.

       There is also a strong argument for finding Zweigenhaft in privity with Askari, though

this finding is not necessary to my ultimate conclusion.  In the MIPA, Askari was appointed as

an "agent and attorney-in-fact of each of the Selling Shareholders" including "acting in the name

of and on behalf of the Selling Shareholders" for "the investigation, prosecution, defense and/or

settlement of any claims . . . related to this Agreement or the transactions contemplated

hereby[.]"  (D.I. 53-1, Ex. 3 at § 12.1(a)).  The MIPA is "referenced in, and incorporated into,

the Operating Agreement."  (D.I. 11 at ¶ 120).  Thus, for the claims at issue, Askari was

designated to represent Zweigenhaft's interests.  *Cf. Aveta Inc. v. Cavallieri*, 23 A.3d 157, 165,

180 (Del. Ch. 2010) (finding privity among shareholders when a Purchase Agreement designated

a Shareholders' Representative).

I find Zweigenhaft's arguments opposing privity unavailing.  The main thrust of Zweigenhaft's argument that he cannot be barred from bringing the present suit because he was denied the chance to join the Askari Action.  (D.I. 54 at 10-13).  Zweigenhaft argues, "courts have held that a plaintiff should not be barred from presenting all of their arguments when they were barred for other reasons, like jurisdictional reasons, in the previous action."  (*Id.* at 12 (citing *Maldonado v. Flynn*, 417 A.2d 378, 383 (Del. Ch. May 29, 1980))).  The *Maldonado* court addressed claim splitting by the same plaintiff, not privity.  *Id.*  ("[W]here it appears that a plaintiff could not for jurisdictional reasons have presented his claim in its entirety in a prior adjudication, the rule against claim splitting will not be applied to bar this claim.").  I do not see how this is relevant to the question of privity.  As PCA argues, "once Zweigenhaft is shown to be in privity with Askari and the Onco360 Members, the question is whether *they*, not Zweigenhaft, had an opportunity to present the claims in issue."  (D.I. 56 at 4).

Zweigenhaft also challenges PCA's argument that shareholders in a closely held corporation are in privity with the corporation and other similarly situated shareholders. Zweigenhaft points to the Restatement (Second) of Judgments in support of this proposition. (D.I. 54 at 11).  Section 59 of the Restatement states:

> If the corporation is closely held, in that one or a few persons hold substantially the entire ownership in it, the judgment in an action by or against the corporation or the holder of ownership in it is conclusive upon the other of them as to issues determined therein as follows: (a) The judgment in an action by or against the corporation is conclusive upon the holder of its ownership if he actively participated in the action on behalf of the corporation, unless his interests and those of the corporation are so different that he should have opportunity to relitigate the issue[.]

§ 59 (3).  PCA has presented evidence that Zweigenhaft did actively participate in the Askari Action by providing documents, meeting with Askari and/or Askari's counsel during the litigation, receiving discovery from Askari's counsel, and testifying at trial.  (D.I. 53-1, Ex. 4 at

Nos. 15-17; Ex. 7).  There is no evidence that Zweigenhaft's interests are "so different" from the Onco360 Members that he should have the opportunity to relitigate.

Under Delaware law, the relevant inquiries are whether Zweigenhaft has a close relationship with the Askari litigants and whether their interests are aligned.  Zweigenhaft's ownership in the closely held Onco360 Members and participation in the Askari Action are just two factors that point to a close relationship and aligned interests.  As the Restatement explains, "When [a] corporation is closely held, . . . interests of the corporation's management and stockholders and the corporation itself generally fully coincide."  § 59, cmt. e.

Delaware courts have found shareholders to be in privity in similar circumstances.  *See Levinhar v. MDG Med., Inc.*, 2009 WL 4263211, at *8 (Del. Ch. Nov. 24, 2009) (finding privity among shareholders and noting, "all four [parties] share identical interests as common stockholders").  I find Zweigenhaft's attempts to distinguish *Levinhar* unavailing.  Primarily, Zweigenhaft suggests that the *Levinhar* plaintiffs strategically refiled a case with different plaintiffs to achieve a different outcome.  (D.I. 54 at 11).  The present action is different, Zweigenhaft argues, because Zweifenhaft "was not allowed to join the previous claims and was actually a named defendant in prior litigation."  *Id.*

I disagree.  As discussed above, the fact that Zweigenhaft was not permitted to join the prior action is not relevant to the privity analysis.  Zweigenhaft's statement about being a defendant in prior litigation appears to be a reference to litigation commenced in New York but dismissed pursuant to a forum selection clause.  (*See id.* at 5, citing *Askari v. PharMerica et al.*, New York Supreme Court, Nassau County, Index No. 608580/2016).  Zweigenhaft does not explain why he was named as a defendant in the New York action or how it should impact my analysis.  At any rate, the New York Supreme Court action is not the relevant action.  As to the

Askari Action, which is the relevant action, Zweigenhaft attempted to join Askari and the

Onco360 Members in it and has conceded that the claims here are "virtually identical" to theirs.

(Askari Action, D.I. 177 at 2). Thus, the evidence indicates that Zweigenhaft's interests are

indeed aligned with the Askari litigants.

Zweigenhaft's other arguments are not persuasive. He points to new evidence in the

form of an expert report and claims that he "should not be bound by the lack of similar evidence

in the prior Askari action[,]" though he does not address this in his legal argument. (*See* D.I. 54

at 1, 7-14). An underlying principle of res judicata, however, is to promote finality. "If simply

submitting new evidence rendered a prior decision factually distinct, *res judicata* would cease to

exist[.]" *Torres v. Shalala*, 48 F.3d 887, 894 (5th Cir. 1995).

Finally, Zweigenhaft suggests that my denial of PCA's motion to dismiss for lack of

standing is relevant to the issue of whether Zweigenhaft is in privity with the Askari litigants.

(D.I. 56 at 13 ("This Court already decided that the Plaintiff had proper authority to bring this

claim[.]")). It is not. In denying PCA's motion to dismiss, I determined that Zweigenhaft's

claim is not a derivative claim and that Zweigenhaft had standing to bring suit. (D.I. 28 at 4-6).

Standing and res judicata are two different concepts. Res judicata was not at issue when I

decided the motion to dismiss, and a finding of standing does not confer a even a weak shield

against a finding of res judicata.

## IV.    CONCLUSION

An appropriate order will issue.